45D10-2302-CT-000140

Lake Superior Court, Civil Division 6

Filed: 2/7/2023 10:06 AM
Clerk
Lake County, Indiana

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | IN THE LAKE _____ COURT |
| | ) SS: | |
| **COUNTY OF LAKE** | ) | SITTING IN _____, INDIANA |

| | |
|---|---|
| JASMINE ERVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO: |
| ) | |
| MEIJER STORES LIMITED PARTNERSHIP, ) | |
| and MEIJER, INC., ) | |
| ) | |
| Defendants. ) | |

### COMPLAINT FOR PERSONAL INJURY AND JURY DEMAND

JASMINE ERVIN (hereinafter "Jasmine") by CUSTY LAW FIRM, LLC, for her Complaint against the Defendants, MEIJER STORES LIMITED PARTNERSHIP and MEIJER, INC. (collectively "Meijer") alleges and states:

1. At all times relevant, Jasmine was a resident and citizen of Lake County, Indiana.

2. At all times relevant, Meijer Stores Limited Partnership was the owner, operator, and/or had control over Meijer Store #165 at 611 W. 81st Avenue, Merrillville, Indiana (the "Store") which was open to the public to sell groceries and other products for profit.  Meijer is a foreign limited partnership licensed to do business in the State of Indiana with its principal place of business in Grand Rapids, Michigan.  Meijer is properly served through its registered agent, CT Corporation System, 334 N. Senate Avenue, Indianapolis, Indiana 46204.

3. At all times relevant, Meijer, Inc. was the owner, operator, and/or had control over Meijer Store #165 at 611 W. 81st Avenue, Merrillville, Indiana (the "Store") which was open to the public to sell groceries and other products for profit.  Meijer is a foreign for-profit corporation licensed to do business in the State of Indiana with its principal place of business in Grand Rapids,

Exhibit A

Michigan. Meijer is properly served through its registered agent, CT Corporation System, 334 N. Senate Avenue, Indianapolis, Indiana 46204.

4. As part of its business, Meijer invited and encouraged the public to enter the Store and buy groceries and other products.

5. At all times relevant, Meijer owned, operated, managed, maintained, and controlled the Store, had the authority to implement policies to detect hazardous conditions at the Store, and through its agents and employees, had the duty to maintain the aisles and walkways of the store and either correct or warn others of hazardous conditions. Meijer had sufficient control to prevent, repair or warn of the defective condition or conditions at issue in this matter.

6. On or about September 28, 2021, Jasmine was an invitee of Meijer at the Store in order to shop for products. Meijer, through its agents and employees, permitted Jasmine to enter the Store and did not object to Jasmine entering the Store during that period.

## COUNT ONE
### *(Store Liability – General Negligence)*

7. Plaintiff realleges ¶¶ 1-6 of this Complaint.

8. On or about September 28, 2021, Meijer owed Jasmine and others a duty as an owner or occupier or manager of the Store to exercise ordinary care to see that the Store was reasonably safe for the use of those lawfully at the Store.

9. Meijer occupied, operated, or owned the Store with an intent to control it.

10. Alternatively, if Meijer did not own or occupy the Store with an intent to control it, it carried out acts for the owner, operator, or possessor of the Store and are subject to liability as if it possessed the Store.

11. Further, if Meijer did not own or occupy the Store with an intent to control it, it was required to exercise the general duty of reasonable care to prevent harm towards others.

2

12. On or about September 28, 2021, contrary to a duty of care owed, Meijer was negligent in one or more of the following ways, *inter alia:*

    (a)    Created or allowed to continue a dangerous condition that existed in the aisles and walkways of the Store for a sufficient length of time to detect, repair, or warn others of the condition and failed to detect or ameliorate the condition;

    (b)    Failed to reasonably inspect and monitor the Store for dangerous or potentially hazardous conditions in the aisles and walkways;

    (c)    Knew or should have known that a condition existed at the Store and realized that it created an unreasonable danger to an invitee such as Jasmine;

    (d)    Should have expected that an invitee would not discover or realize the danger of the condition(s) or would fail to protect himself or herself against it;

    (e)    Failed to take proper measures to ensure the aisles and walkways at the Store were kept in safe condition;

    (f)    Failed to use reasonable care to protect any invitee from the dangerous condition(s) at the Store;

    (g)    Failed to warn invitees and users of the Store of the dangerous condition(s) at the Store;

    (h)    Failed to implement reasonable inspection policies so that the dangerous condition(s) at the Store would have been discovered before an invitee could encounter the dangerous condition(s) and be harmed;

    (i)    Failed to implement reasonable policies so that any dangerous condition would be escalated and remedied in a reasonable manner so as to prevent harm to invitees;

    (j)    Knew that a dangerous condition existed in the aisles and walkways for a sufficient time and failed to give adequate warning of the condition to invitees such as Jasmine;

    (k)    Failed to warn Jasmine of any dangerous or potentially hazardous condition in the aisles and walkways;

    (l)    Failed to reasonably anticipate that Jasmine would get injured due to a hazardous condition in the aisles and walkways;

    (m)    Failed to otherwise prevent Jasmine from being injured from a slippery substance causing a hazardous condition in the aisles and walkways;

 (n) Carelessly and negligently permitted persons, including Jasmine to use the aisles and walkways when they knew or should have known that the aisles and walkways were in a dangerous and hazardous condition;

 (o) Failed to discover the dangerous condition(s) that existed at the Store after the condition had existed for sufficient time when it should have been discovered and corrected;

 (p) Failed to otherwise maintain its Store in a reasonably safe condition for the protection of its guests, including Plaintiff, Jasmine;

 (q) Failed to take necessary and reasonable steps in removing dangerous conditions or potentially hazardous conditions in the aisles and walkways before an invitee could encounter the dangerous condition and be harmed;

 (r) Failed to maintain the Store in such a way to not cause injury to invitees;

 (s) Failed to provide a safe store, walking area and shopping area for invitees;

 (t) Failed to ensure that the Store was safe, suitable, and proper for invitees; and/or

 (u) Behaved otherwise differently than a reasonable owner, occupier, manager or other person or entity would have under the same or similar circumstances.

13. As a direct and proximate result of the negligence of Meijer, Jasmine was injured after slipping on a wet substance on the floor causing her to fall. The walkway was a hazardous condition which was dangerous to Jasmine and others.

14. Defendant Meijer failed to warn Jasmine of any dangerous condition in the walkway that caused her to fall in a forceful manner or address it in any way.

15. As a direct and proximate result of Jasmine's injuries and the conduct of Meijer, Jasmine was physically injured, suffered and continues to suffer emotional distress and sustained other personal injuries; incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, and loss of enjoyment of life; lost time or wages and impairment of earnings capacity; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, Plaintiff, JASMINE ERVIN, seeks the entry of judgment in her favor and against Defendants, MEIJER STORES LIMITED PARTNERSHIP and MEIJER, INC. for compensatory damages in an amount to be determined herein, prejudgment interest for the cost of this action, and for any and all other relief that the Court and Jury may deem proper under the circumstances.

Respectfully submitted,

/s/ Brian Custy
Brian N. Custy (IN 26329-64)
Andrew G. Brown (IN 36244-64)
Megan A. Beardsley (IN 31244-64)
CUSTY LAW FIRM, LLC
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361
bcusty@custylaw.com
abrown@custylaw.com
mbeardsley@custylaw.com

## JURY DEMAND

Comes now the Plaintiff JASMINE ERVIN by CUSTY LAW FIRM, LLC, who respectfully demands trial by jury.

Respectfully submitted,

/s/ Brian Custy
Brian N. Custy (IN 26329-64)
Andrew G. Brown (IN 36244-64)
Megan A. Beardsley (IN 31244-64)
CUSTY LAW FIRM, LLC
4004 Campbell Street, Suite 4
Valparaiso, Indiana 46385
219-286-7361
bcusty@custylaw.com
abrown@custylaw.com
mbeardsley@custylaw.com